Joon M. Khang (CSBN 188722)
**KHANG & KHANG LLP**
4000 Barranca Parkway, Suite 250
Irvine, California 92604
Telephone: (949) 419-3834
Facsimile: (949) 385-6858
Email: joon@khanglaw.com

Attorneys for Debtor and Debtor in Possession, The Litigation Practice Group, PC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP, PC,<br><br>Debtor.<br><br>THE LITIGATION PRACTICE GROU, PC,<br><br>Plaintiff,<br><br>vs.<br><br>VALIDTAION PARTNERS, LLC; DEBT VALIDATION FUND II, LLC; MC DVI FUND 1, LLC; MC DVI FUND 2, LLC; and ALL SERVICES FINANCIAL, LLC,<br><br>Defendants. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. Case No.:<br><br>COMPLAINT OF THE DEBTOR SEEKING EXTENSION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(a) AND FOR INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105(a) |

The above-captioned debtor, The Litigation Practice Group, PC hereinafter referred to as the "Debtor," pursuant to Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. §§ 105(a) and 362(a), brings this Complaint seeking an injunction and/or an extension of the scope of the automatic stay to include: (i) Tony Diab; and (ii) Daniel S.

1

March, (together, the "Non-Debtors"). In support of this complaint, the Debtor avers as follows:

1. This is an adversary proceeding commenced by the Debtor, pursuant to sections 105(a) and 362(a) title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 7001(7) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 65 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable hereto by Bankruptcy Rule 7065, seeking (i) extension of the automatic stay under 362(a) of the Bankruptcy Code and/or (ii) injunctive relief under section 105(a) of the Bankruptcy Code, to enjoin the above-captioned defendant parties from asserting claims or otherwise attempting to exercise remedies against the Non-Debtors.

2. This adversary action presents the requisite unusual circumstances that justify an extension of the automatic stay and demonstrates that the Debtor and the Non-Debtor individuals are entitled to injunctive relief.

3. The Plaintiff is The Litigation Practice Group P.C., the Debtor and Debtor in Possession, having commenced a Chapter 11 Bankruptcy proceeding with this Court on March 20, 2023.

4. The Debtor remains in possession of its assets and in control of its financial affairs as a Debtor in Possession pursuant to the authority under 11 U.S.C. §§ 1107 and 1108.

5. The Debtor is a California professional law corporation who provides legal services to clients that includes litigating the validity of its clients' purported debts.

6. Non-Debtor Tony Diab is the Office Administrator of Debtor. Mr. Diab is actively involved in the day-to-day decision-making operations of the Debtor and works with the Debtor's marketing affiliates to procure the Debtor's advertising.

7. Non-Debtor Daniel S. March is the Managing Partner/Shareholder of the Debtor. Mr. March is actively involved in the day-to-day business operations and decision making for the Debtor.

8. Defendant, Validation Partners LLC ("VP") is a Florida Limited Liability Company.

9. Defendant VP initiated an action against Debtor and Non-Debtors in the Superior Court of California, County of Orange, styled Validation Partners, LLC v. The Litigation Practice Group, PC, et al., Case No. 30-2022-01281911 CU-BC-CXC (the "First Litigation").

10. In the First Litigation, Defendant seeks a judgment against Debtor and Non-Debtors in an amount in excess of $25,000,000.00.

11. Defendants, Debt Validation Fund II, LLC ("Debt Validation"), MC DVI Fund 1, LLC ("MC DVI 1"), and MC DVI Fund 2 ("MC DVI 2"), are Wyoming Limited Liability Companies.

12. Defendants, Debt Validation, MC DVI 1, and MC DVI 2 initiated an action against the Debtor and Non-Debtors in the Superior Court of California, County of Orange, styled Debt Validation Fund II, LLC, et al. v. The Litigation Practice Group, PC, et al., Case No. 30-2023-01303355-CU-CO-CXC (the "Second Litigation").

13. In the Second Litigation, Defendants seek a judgment against Debtor and Non-Debtors in an amount in excess of $102,196,145.00.

14. Defendant, All Service Financial, LLC ("All Service") is a Florida Limited Liability Company.

15. Defendant All Service initiated an action against the Debtor and Non-Debtors in the Superior Court of California, County of Orange, styled All Service Financial, LLC v. The Litigation Practice Group, PC, et al., Case No. 30-2022-01297683-CU-BC-CJC (the "Third Litigation").

16. In the Third Litigation, Defendant All Service seeks a judgment against Debtor and Non-Debtors in an amount in excess of $1.3 million.

3

17. It is clear that all Defendants are stayed by section 362(a) of the Bankruptcy Code from attempting to collect pre-petition debts from the Debtor in the First Litigation, Second Litigation, and Third Litigation. The Defendants likewise should be enjoined, under the Bankruptcy Code and the Federal Rules of Civil Procedure, from attempting to collect from the Non-Debtors because such efforts will (i) have the effect of actions against the Debtor itself, (ii) potentially create a situation of diverse and inconsistent rulings of law, and (iii) cause significant interference with, and impairment of, the Debtor's effort to reorganize its financial affairs in contravention of the intent and purposes of the bankruptcy code.

18. The relief sought by the Debtor is critical to the Debtor's ability to preserve the assets and value of the Debtor's business enterprise for the benefit of present and future creditors and to eventually implement a plan of reorganization.

19. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(1) and 1334(b) and (e), as this matter arises in, under, and is related to a pending bankruptcy case. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

20. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

21. This adversary proceeding is initiated under Bankruptcy Rule 7001(7), and the relief requested herein may be ordered pursuant to Bankruptcy Rule 7065 and Sections 105(a) and 362(a) of the Bankruptcy Code.

22. In the First Litigation, Defendant VP alleges that it arranged financing for the growth of Debtor's practice, as well as direct loans to Debtor, which Debtor is required to repay on set periodic terms. Defendant further alleged that Debtor had ceased and failed to make payments to it.

23. In the First Litigation, Defendant VP seeks a judgment against Debtor on the bases of breach of contract, negligence, conversion, Fraud, Promissory Estoppel, Violation of Penal Code 406, Unjust Enrichment, Money Had and Received, Open Book Account, Account Stated, Intentional Interference with Contractual Relations,

Accounting, and Declaratory Relief arising out of Debtor's pre-petition business operations.

24. In the First Litigation, Defendant VP sought monetary judgments and injunctive relief as to both Debtor and Non-Debtors. Defendant also sought punitive damages and the appointment of a receiver.

25. Defendant VP has no direct contractual relationship with Non-Debtors.

26. In the Second Litigation, Defendants Debt Validation, MC DVI 1, and MC DVI 2, allege that they purchased files from the Plaintiff with an agreement to receive a return periodically. Defendants further alleged that Debtor had ceased and failed to make payments to it.

27. In the Second Litigation, Defendants seek a judgment against Debtor on the bases of breach of contract, anticipatory breach, conversion, Fraud, Unjust Enrichment, Money Had and Received, Open Book Account, Accounting, Intentional Interference with Contractual Relations, Aiding and Abetting Fraud, Void/Fraudulent Transfer, and Accounting.

28. In the Second Litigation, Defendants sought monetary judgments and injunctive relief as to both Debtor and Non-Debtors. Defendant also sought punitive damages and the appointment of a receiver.

29. Defendants Debt Validation, MC DVI 1, and MC DVI 2 have no direct contractual relationship with Non-Debtors.

30. In the Third Litigation, Defendant All Service alleges that it entered into an agreement with Debtor as an affiliate of Debtor to receive proceeds from Debtor's files. Defendant further alleged that Debtor had ceased and failed to make payments on these files.

31. In the Third Litigation, Defendant seeks a judgment against Debtor on the bases of Breach of Written Contract, Open Book Account, Account Stated, Common Count – Goods and Service Rendered, Promissory Estoppel, Quantum Meruit, Accounting, and Declaratory Relief.

32. In the Third Litigation, Defendant All Service sought monetary judgments as to both Debtor and Non-Debtors.

33. Defendant All Service has no direct contractual relationship with Non-Debtors.

34. The Debtor indemnifies its employees, agents, Members, Managers, and named officers from claims of liability, including claims such as those made by the Defendants in the Litigation. As a consequence of this indemnification provision, the Debtor has the duty and is responsible for all legal services associated with the defense of the claims made against the Non-debtors, whether they are legitimate or not, and the Debtor would be liable for any judgment against the Non-Debtors.

35. Prior to the Petition Date, Debtor had been providing for a defense and attempting to pay all legal costs associated with the claims made under the all the litigation proceedings.

36. For these reasons, a judgment against Non-Debtors would effectively be a judgment against Debtor.

37. Allowing Defendant to continue to pursue its claims against the Non-Debtors would allow them to indirectly do what the bankruptcy code prohibits them from doing and would place burdensome discovery on a bankrupt company which must be focusing on its critical reorganization efforts.

38. The continuing pending litigation against the Non-Debtors is and would be disruptive and detrimental to the Debtor's reorganization efforts because each of the Non-Debtors is critically important to the ability of the Debtor's management to develop its required plan of reorganization. Additionally, if the litigation proceeds without the Debtor participating, the Debtor will likely be collaterally estopped from re-litigating critical factual and legal issues in a proceeding in which it is permitted to participate. When the same or similar issues are appropriately raised and adjudicated in the Bankruptcy Court, there is a substantial likelihood of duplicate or inconsistent rulings, all of which directly impairs substantial justice and due process.

39.     Enjoining the Pre-Petition Litigation against the Non-Debtors is essential to the Debtor's ability to reorganize.

40.     Enjoining the litigation against the Non-Debtors will not harm the Defendants because they are able and required to pursue all legitimate claims against the Debtor exclusively in the bankruptcy proceeding, and they may pursue the Non-Debtors, if valid claims remain and are unresolved, after the conclusion of the bankruptcy proceedings.

## COUNT I
## INJUNCTIVE RELIEF UNDER SECTION 362(a)

41.     The Debtor repeats the averments contained in paragraphs 1 through 40 above, as if fully set forth herein.

42.     Section 362(a)(1) of the Bankruptcy Code operates as a stay, "applicable to all entities," of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

43.     Section 362(a)(3) of the Bankruptcy Code operates as a stay, "applicable to all entities," of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

44.     As set forth above, unusual circumstances exist that require extension of the automatic stay to the Non-Debtors.

45.     Because (i) the Debtor would bear the practical responsibilities of defending each litigation proceeding asserted against the Non-Debtors, (ii) there is such identity between the Debtor and the Non-Debtors that the debtor may be said to be the real party defendant and that a judgment against the Non-Debtors will in effect be a judgement or finding against the Debtor, (iii) the Debtor's officers, and various employees will be required to divert their attention away from the Debtor's

reorganization, and (iv) any judgment entered against the Non-Debtors could result in a determination of liability against the debtor, the depletion of assets of the Debtor's estate, or similarly frustrate the purpose of the stay, which is to provide the Debtor with a breathing spell to permit them to attempt to reorganize, free of the pressures of aggressive creditors, the Debtor is entitled to an Order extending the automatic stay under section 362 of the Bankruptcy Code to enjoin the Defendants from proceeding against the Non-Debtors.

WHEREFORE, for all of the foregoing reasons, the Debtor respectfully requests entry of an Order extending the automatic stay under section 362 of the Bankruptcy Code to enjoin the Defendants from continuing any action or legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory action, proceeding, or process whatsoever), including by way of direct claim, counterclaim, cross claim, appeal, or any other action against the Non-Debtors, and granting other such relief as this Court deems just.

## COUNT II

## INJUNCTIVE RELIEF UNDER SECTION 105(a)

46. The Debtor repeats the averments contained in paragraphs 1 through 45, as if fully set forth herein.

47. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Relief under section 105 of the Bankruptcy Code is particularly appropriate in a Chapter 11 case when necessary to protect a debtor's ability to effectively confirm a plan and to preserve the property of a debtor's estate.

48. The Debtor is entitled to a preliminary injunction under section 105(a) of the Bankruptcy Code, enjoining the Defendants from proceeding against the Non-Debtors all the litigation proceedings.

49. Unusual circumstances exist demonstrating that the Debtor is entitled to an injunction.

50. In addition to depleting the assets of the estate, continuation of the litigation proceedings will divert the attention and resources of key persons who are critical to the Debtor's ability to successfully reorganize and emerge from Chapter 11.

51. Any harm suffered by the Defendants in delaying their ability to pursue claims against the Non-Debtors is vastly outweighed by the harm that would be suffered by the Debtor in the absence of an injunction.

52. The Debtor is entitled to a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 as: (a) the Debtor has a substantial likelihood of successfully reorganizing, (b) there is a substantial risk of irreparable harm to the Debtor if the automatic stay is not extended, (c) the harm to the Debtor outweighs the potential harm to the Defendants presented by the delay in adjudicating their claims, and (d) injunctive relief would not violate the public interest, but would, instead, promote the likelihood that the Debtor can successfully reorganize.

WHEREFORE, for all the foregoing reasons, the debtors respectfully request entry of an Order granting a preliminary injunction enjoining Defendants from continuing any action or legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative, or regulatory action, proceeding, or process whatsoever), including by way of direct claim, counterclaim, cross claim, appeal, or any other action against the Non-Debtors, and granting such other relief as this Court deems just.

DATED: April 7, 2023          KHANG & KHANG LLP

By: */s/ Joon M. Khang*
      Joon M. Khang

Attorneys for Debtor and Debtor in Possession
The Litigation Practice Group, PC